IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES C. SCHWEDER                                                                        PLAINTIFF

vs.                                      Civil No. 6:10-cv-06097

MICHAEL J. ASTRUE                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      James Schweder ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

      Plaintiff protectively filed an application for DIB December 3, 2007. (Tr. 10, 99-103). Plaintiff alleged he was disabled due to depression. (Tr. 122). Plaintiff alleged an onset date of August 1, 2005. (Tr. 122). This application was denied initially and again upon reconsideration. (Tr. 59-63). Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 67-68).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's administrative hearing was held on November 25, 2009, in Hot Springs, Arkansas. (Tr. 27-54). Plaintiff was present and was represented by counsel, Shannon Muse Carroll, at this hearing. *Id.* Plaintiff, his wife Shirley Schweder, and Vocational Expert ("VE") David Elmore, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had a Bachelors Degree in Business Marketing. (Tr. 30).

On March 3, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2011. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2005, his alleged onset date. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of depression and anxiety. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform full range of work at all exertional levels, but he is restricted to unskilled work in which he is limited to performing simple, routine, repetitious work with one or two step instructions; he must be in a supervised, low stress environment which requires few decisions; and he is limited to occasional interaction with the public, co-workers and supervisors. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ determined Plaintiff's PRW included work as a general manager of a restaurant. (Tr. 21). Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 21-22, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a landscape laborer with approximately 1,600 such jobs in the Arkansas and 185,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 1, 2005 through the date of the ALJ's decision. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On December 17, 2010, Plaintiff filed his *pro se* appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 15, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff's sole claim is that the ALJ erred in reviewing the Cooperative Disability Investigations Unit report that was prepared on Plaintiff. ECF No. 10 at 3-4. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

As the ALJ discussed in his decision, a hearing officer with Arkansas Disability Determination Services (DDS) became suspicious Plaintiff may have violated the Act by applying for disability benefits while he also maintained a flower shop business with his wife. (Tr. 18). As a result, the DDS hearing officer referred the matter for investigation to the Cooperative Disability Investigations Unit ("CDI"). (Tr. 295-301). On April 14, 2009, two CDI investigators visited the flower shop and interviewed both Plaintiff, and his wife, Shirley Schweder. (Tr. 298). On May 7, 2009, CDI completed their investigation report. (Tr. 295-301). There was no finding Plaintiff misrepresented his financial situation. *Id.*

Although not argued, this Court will treat Plaintiff's only point of appeal as an argument that the ALJ erred in his credibility analysis of Plaintiff by making reference to the CDI report. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R.

§ 416.929.² *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

² Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 15-17). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not that limited, (3) Plaintiff engaged in work activity after the alleged onset date, (4) Plaintiff's use of medication has been effective in controlling his symptoms with no side effects, and (5) Plaintiff's alleged functional limitations are inconsistent with the objective medical evidence. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain and his limited reference to the CDI report was not error.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **8th day of May, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

7